# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARTIN AKERMAN,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DC-1221-22-0445-W-1

DATE: May 29, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Martin Akerman, Arlington, Virginia, pro se.

Matthew John Mackey and Robert P. Erbe, Joint Base Andrews, Maryland,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal without prejudice, subject to automatic refiling. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). Because the period of dismissal has ended, we FORWARD the appeal to the Washington Regional Office for docketing and adjudication as a refiled appeal.[2]

## BACKGROUND

The appellant, who was a GS-15 Information Technology Specialist with the National Guard Bureau (NGB),[3] filed an appeal with the Board alleging whistleblower reprisal. *Akerman v. Department of the Army*, MSPB Docket No. DC-1221-22-0257-W-1, Initial Appeal File (0257 IAF), Tab 1 at 4, Tab 7 at 5. During the processing of that appeal, the appellant raised several objections to the fact that the Department of the Army was listed as the agency respondent, asserting, at various times, that the Department of the Air Force, Department of Defense, the National Guard Bureau Joint Staff, and National Security Agency should be added as agency respondents. 0257 IAF, Tab 7 at 4, Tab 14 at 13, Tab 59 at 3. Initially, the administrative judge denied the appellant's request to

---

[2] The petitions for review filed by the appellant in MSPB Docket Nos. DC-1221-22-0257-W-1, DC-1221-22-0459-W-1, DC-0752-22-0376-I-1, and DC-3443-22-0296-I-1, have been addressed or will be addressed in separate decisions.

[3] The appellant stated that he worked at NGB until June 6, 2022. *Akerman v. Department of the Air Force*, MSPB Docket No. DC-1221-22-0445-W-1, Petition for Review, Tab 1 at 5.

add additional parties. 0257 IAF, Tab 17 at 1. However, based on the appellant's responses to her jurisdictional order in MSPB Docket No. DC-1221-22-0257-W-1, the administrative judge found it appropriate to docket this IRA appeal as a separate appeal against the Department of the Air Force. *Akerman v. Department of the Air Force*, MSPB Docket No. DC-1221-22-0445-W-1, Initial Appeal File (0445 IAF), Tab 23 at 1.

Thereafter, in both appeals, the appellant filed a pleading entitled "Notice of Civil Action in District Court," stating that he had "elected to take cases [MSPB Docket No.] DC-1221-22-0257-W-1 and DC-1221-22-0445-W-1 out of the administrative machinery of [the Board] and into the judicial forum of the [U.S.] District Courts." 0257 IAF, Tab 67 at 3; 0445 IAF, Tab 36 at 3. Although the administrative judge explained several times that a district court case did not impact the processing of his pending IRA appeals, the appellant continued to assert that the cases were no longer before the Board. 0257 IAF, Tab 70 at 1, Tab 85 at 8, Tab 86 at 3, Tab 87 at 1; 0445 IAF, Tab 40 at 3. Therefore, the administrative judge issued an order in both appeals requesting that the appellant select from the following three options: (1) withdraw his Board appeals with prejudice; (2) continue to process his appeals with his full participation; or (3) dismiss his Board appeals without prejudice to pursue his district court case. 0257 IAF, Tab 87 at 1-2; 0445 IAF, Tab 41 at 1-2. The appellant responded that the "case is entirely before District Court and no longer before [the Board]." 0257 IAF, Tab 90 at 3.

On November 23, 2022, the administrative judge issued an initial decision dismissing the above-captioned appeal without prejudice for a period of up to 120 days, subject to automatic refiling, to allow the appellant to pursue his claims in district court.[4] 0445 IAF, Tab 45, Initial Decision. The appellant filed a

---

[4] On November 8, 2022, the administrative judge issued an initial decision in MSPB Docket No. DC-1221-22-0257-W-1, dismissing the appeal without prejudice for a period of up to 120 days. 0257 IAF, Tab 91, Initial Decision. The appellant has filed a petition for review in that case, which has been or will be addressed in a separate order.

petition for review asserting, among other things, that additional agencies should have been added as respondents, that MSPB Docket Nos. DC-1221-22-0257-W-1 and DC-1221-22-0445-W-1 should be joined, and that the agency attempted to sabotage his case by providing proof of discrimination and whistleblower retaliation.[5] *Akerman v. Department of the Army*, MSPB Docket No. DC-1221-22-0445-W-1, Petition for Review (PFR) File, Tab 1 at 4-7. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 4.[6]

## DISCUSSION OF ARGUMENTS ON REVIEW

An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010). We find that the appellant's assertions on review fail to demonstrate that the administrative judge abused that considerable discretion.[7] Despite the efforts of the administrative judge, the appellant did not

---

[5] The appellant attached several documents to his petition for review, including copies of filings from MSPB Docket No. DC-1221-22-0257-W-1, filings from his district court complaint, and filings that are part of the record in this instant appeal. PFR File, Tab 1 at 8-142. The appellant has not explained the relevancy of these documents, and they provide no basis for disturbing the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[6] On May 22, 2024, the appellant filed a pleading, "Motion for Recusal of Mr. Henry J. Kerner in Pending MSPB Cases relating to OSC," requesting that Mr. Kerner recuse himself from this matter and several of the appellant's other cases pending before the Board, PFR File, Tab 7; however, Mr. Kerner has not been sworn in as a member of the Board as of the date of this decision.

[7] Regarding the appellant's bias claim, we discern nothing to suggest that the administrative judge harbored any bias against the appellant. We will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013); *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (stating that in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

clearly select one of the three options presented by the administrative judge. 0445 IAF, Tab 41 at 1-2. Instead, the appellant left it to the administrative judge to interpret his intentions from his filings. However, it was clear that the appellant was not willing to participate in his Board appeals while he was pursuing his claims in district court. 0257 IAF, Tab 67 at 3, Tab 86 at 3, Tab 88 at 3, Tab 90 at 3; 0445 IAF, Tab 36 at 3, Tab 40 at 3. Thus, the administrative judge, in the interest of administrative efficiency, selected the option that was least detrimental to the appellant, i.e., dismissal without prejudice.

We find that, given the circumstances, a dismissal without prejudice was reasonable, and the appellant has presented no evidence that such decision constituted an abuse of discretion. In fact, the appellant's arguments on review are essentially an attempt to reach either the merits of the appeal, or the merits of other procedural rulings, both of which are irrelevant to the issue here of whether the administrative judge abused her discretion in dismissing the appeal without prejudice to refiling. *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 11 (2009) (explaining that the Board will not consider arguments raised on review concerning matters that should be considered by the administrative judge once the appeal has been refiled).

Accordingly, we discern no basis to disturb the initial decision. Therefore, we deny the appellant's petition for review. Because the initial decision dismissed the appeal for a period of up to 120 days, and over 120 days have passed, we forward the appeal to the Washington Regional Office for docketing and adjudication as a refiled appeal.[8]

---

[8] If the appellant wishes to withdraw his Board appeal with prejudice to refiling, he should inform the administrative judge in a clear, decisive, and unequivocal statement. Such a withdrawal is final and permanently removes the appeal from the Board's jurisdiction.

**NOTICE OF APPEAL RIGHTS**[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.